UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES W. SHIPLEY, )<br>  )<br>           Plaintiff, )<br>  )<br>v. )<br>  )<br>ALAN KANNER, )<br>  )<br>           Defendant. ) | Case No. 06-CV-0138-CVE-PJC |

## OPINION AND ORDER

Now before the Court is plaintiff's motion for remand (Dkt. # 8). On March 6, 2006, defendant removed this action to federal court on the basis of diversity jurisdiction (Dkt. # 2). It is undisputed that there is complete diversity of citizenship between plaintiff and defendant. 28 U.S.C. § 1332. However, plaintiff argues that the requisite amount in controversy of $75,000 has not been met and, therefore, this Court lacks subject matter jurisdiction.

This case arises from a dispute between two plaintiff attorneys regarding distribution of attorney fees following class action settlements. In 2001, defendant orchestrated a national class action suit against Cooper Tire & Rubber Company ("Cooper Tire") in which plaintiff served as co-counsel. A court ordered Cooper Tire to pay $30 million in attorney fees. See Dkt. # 12, Ex. 1. Plaintiff allegedly assisted defendant again in a 2003 class action against Second Chance Body Armor, Inc. ("Second Chance"). See Dkt. # 2, Ex. 2, Petition. Attorney fees for the settlement with Second Chance amounted to $9,400,000. Dkt. # 12, Ex. 3. In his petition, plaintiff requests damages in excess of $10,000, as required by Oklahoma pleading rules.[1]

---

[1] In Oklahoma, the general rules of pleading require that:

> "[e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

Okla. Stat. tit. 12, § 2008(2).

A civil action brought in state court may be removed to federal court if the federal court has original subject matter jurisdiction over the matter. 28 U.S.C. § 1441(a). Subject matter jurisdiction is established, generally, either by the presence of a federal question, 28 U.S.C. § 1331, or diverse parties, 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction, there must be complete diversity in the citizenship of the parties and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Before exercising jurisdiction, this Court must be satisfied that the requirements for jurisdiction have been met. "Subject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." Laughlin v. K-Mart Corp., 50 F.3d 871, 873 (10th Cir. 1995). This Court has a duty to deny jurisdiction if it finds the requirements have not been met. Id. The Tenth Circuit has clarified the analysis which a district court should undertake in determining whether an amount in controversy is greater than $75,000:

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." Moreover, there is a presumption against removal jurisdiction.

Id. at 873 (citations omitted) (emphasis in original). "Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." Id. At a minimum, defendant must establish the requisite amount in controversy by the preponderance of the evidence.

Where the face of the complaint does not affirmatively establish the requisite amount in controversy, the plain language of Laughlin requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $75,000, but also specific facts which form the basis of his belief that there is more than $75,000 at issue in the case. The removing defendant bears the burden of establishing federal court jurisdiction at the time of removal, and not by supplemental submission. Id. The rationale of Laughlin contemplates that the removing party will perform an economic analysis of the alleged damages supported by underlying facts to establish the jurisdictional amount. Id.

2

In the petition, plaintiff asks for damages "in excess of $10,000 due to Kanner's breach of oral contract . . . ." Dkt. # 2, Ex. 1, at 2. Defendant alleges that plaintiff seeks damages in excess of $75,000 based on the millions of dollars awarded in attorney fees in the class action settlements underlying this dispute. Dkt. # 2, at 2-3. Specifically, defendant argues that plaintiff "is staking some claim to the millions of dollars in attorney fees that Defendant has been awarded; thereby, satisfying the $75,000 amount in controversy requirement." Id. at 3. However, defendant fails to offer a "particularized statement of facts" regarding the portion of attorney fees which plaintiff seeks to recover. See LCvR81.3(a)(1). Further, defendant did not conduct an economic analysis of the alleged damages supported by underlying facts.[2] Conclusory statements are insufficient to meet the burden of showing underlying facts supporting the requisite jurisdictional amount. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Flowers v. EZPawn Oklahoma, Inc., 307 F. Supp. 2d 1191, 1200 (N.D. Okla. 2004).

Additionally, defendant argues that plaintiff's February 9, 2006 offer to settle this dispute for $70,000 shows that plaintiff seeks damages in excess of $75,000. Dkt. # 2, Ex. 2; see Cohn v. PetsMart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (where plaintiff admitted that he valued the disputed property at over $100,000, the court found that a "settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 428-30 (7th Cir.1997) (plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case."). Here, plaintiff's request for $70,000 in the settlement letter is not an unequivocal admission

---

[2] For example, defendant could have specifically addressed plaintiff's claim for damages through a request for admission. Defendant could have examined the percentage of the attorney fees sought by plaintiff, as that figure depends on the number of attorneys who participated in each class action settlement and their relative contributions to the cases. Instead, defendant simply relies on the total attorney fees awarded ($39,400,000) as a basis for establishing jurisdiction, although there is no evidence that plaintiff is claiming entitlement to the full amount of attorney fees. Thus, to remove, defendant must show, by a preponderance of the evidence, that the portion of the total sought by plaintiff exceeds $75,000.

3

that damages sought by plaintiff exceed $75,000.  LCvR 81.3(a)(2); see Cohn, 281 F.3d at 840 (suggesting that, to defeat removal, plaintiff "could have argued that the demand [for $100,000] was inflated and not an honest assessment of damages, but he made no attempt to disavow his letter or offer contrary evidence.").  A settlement letter for less than $75,000 does not affirmatively establish that the requisite amount in controversy for diversity jurisdiction is met.

Defendant has failed to show that an amount over $75,000 is at issue in this case.  Plaintiff's request for relief in excess of $10,000 is insufficient to establish that the amount in controversy requirement has been satisfied for the purposes of diversity jurisdiction.  As a result, this Court has no subject matter jurisdiction over plaintiff's claim and must remand the case to state court for resolution.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Finally, plaintiff's motion to remand includes a request for attorney's fees.  An order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Supreme Court has recently held that in the absence of unusual circumstances, a district court may award attorney's fees under § 1447(c) only when the removing party "lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005).  Defendant acted reasonably in removing this matter to federal court on the good faith belief that damages sought exceed $75,000.  The Court denies plaintiff's request for attorney's fees.  See id. ("[W]hen an objectively reasonable basis exists, fees should be denied.").

**IT IS THEREFORE ORDERED** that plaintiff's motion for remand (Dkt. # 8) is **granted** and the Court Clerk is instructed to **remand this case to the District Court in and for Mayes County, State of Oklahoma.**

**IT IS FURTHER ORDERED** that requests for attorney fees are hereby **denied**, and the parties will bear their own attorney's fees and costs.

**DATED** this 1st day of May, 2006.

                                                CLAIRE V. EAGAN, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT